UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
=========================================X

TIMOTHY JOHNSON

13 CV 1401

                Plaintiffs,                         **COMPLAINT**

      -against-

THE CITY OF NEW YORK, DETECTIVE
MANUEL CORDOVA, shield No. 00225, POLICE
OFFICER (Undercover Officer) # C0015, DETECTIVE    **JURY TRIAL**
GREGORY CARTY, Shield No. 02497 and POLICE       **DEMANDED**
OFFICERS JOHN DOES #1-10 (names and numbers of
whom are unknown at present, and others unidentified    **ECF CASE**
members of the New York City Police Department),

                Defendants.
=========================================X

## PRELIMINARY STATEMENT

1.    This is a civil rights action to recover money damages arising out of defendants' violation of plaintiff's rights as secured by the Civil Rights Act, 42 U.S.C. Section 1983, and of rights secured by the First, Fourth and Fourteenth Amendments to the United States Constitution, and the laws of the State of New York. Plaintiff, while lawfully present on the sidewalk near to 1963 Amsterdam Ave and/or 159th Street and Edgecomb Park in the County, City and State of New York and was stopped by the defendant New York City police officers and detectives, assaulted and arrested without probable cause and unlawfully detained, handcuffed and brutalized. The plaintiff's rights were violated, in violation of the Fourth and Fourteenth Amendments to the United States Constitution. Plaintiff was deprived of his constitutional and common law rights when the individual defendants unlawfully confined plaintiff, caused the unjustifiable arrest of

plaintiff attacked and brutalized plaintiff.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the First, Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this court by 28 U.S.C. §§ 1331, 1342 (3) and (4) and the aforementioned statutory and constitutional provisions.

3. The plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any and all State law claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy that gave rise to the federally based claims and causes of action.

## VENUE

4. Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391, (a), (b) and (c) and § 1402 (b), because the claims arose in this district.

## PARTIES

5. Plaintiff, TIMOTHY JOHNSON, was a citizen of the United States and resident of the County, City and State of New York.

6. New York City Police Detective Manuel Cordona, Shield # 00225, POLICE OFFICER (undercover officer) shield # C0015 and Detective Gregory Carty, Shield #0?97 were and still are at all times relevant herein officers, detectives, employees, and/or agents of the New York City Police Department.

7. On the date of incident, March 4, 2010, Detective Cordova, undercover officer C0015 and Detective Gregory Carty were Narcotics Boro Manhattan

North.

8. Detective Cordova, undercover Officer C0015 and Detective Gregory Carty are being sued in their individual and official capacities.

9. New York City Police Officers John Does #1-10 are and were at all times relevant herein officers, employees, and agents of the New York City Police Department.

10. Police Officers John Does #1-10 are being sued in their individual capacities and official capacities.

11. At all times relevant herein, the individual defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the New York City Police Department, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of the New York City Police Department at all times relevant herein, with the power and authority vested in them as officers, agents and employees of the New York City Police Department and incidental to the lawful pursuit of their duties as officers, employees and agents of the New York City Police Department.

12. Defendant, City of New York, is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. The defendant, City of New York, assumed the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the public consumers of the services provided by the New York City Police

Department.

## STATEMENT OF FACTS

13. That on or about the 4th day of March, 2010 at approximately 6:00 p.m. near to 1963 Amsterdam Avenue and/or 159th Street and Edgecomb Park, New York, New York the plaintiff was lawfully a pedestrian in a public place.

14. That on the above stated dates and times Defendants, Detective Cordova, Undercover Officer C0015, Detective Carty and/or other NYC Police Officers accosted, chased and assaulted the plaintiff, shook the plaintiff and caused him to fall off a cliff in Edgecomb Park thereby causing him to sustain a fractured leg; the arresting officer or officers shook and brutally manhandled the plaintiff during the course of their stop and interrogation resulting in his falling to the ground and sustaining severe injuries.

15. The defendant police officers then arrested and detained the plaintiff and handcuffed him and failed to provide sufficient medical attention.

16. The individually named defendant police officers observed the other detectives and officers or defendants violate plaintiff's rights under the Constitution of the United States and did nothing to prevent the violation of his Constitutional Rights.

17. The brutality against the defendant and failure to intervene by the individually named defendant police officers caused plaintiffs to sustain psychological and emotional trauma.

## FIRST CAUSE OF ACTION

### Violation of Plaintiff's Fourth Amendment and

### Fourteenth Amendment Rights

18. The plaintiff repeats, reiterates and realleges each and every

allegation contained in paragraphs marked 1 through 17 with the same force and effect as if more fully set forth at length herein.

19. Defendants Detective Cordova, undercover Officer C0015, Detective Carty and Defendants Police Officers John Does #1-10, who were acting in concert and within the scope of their authority, arrested and caused plaintiff to be physically injured and imprisoned and violated plaintiff's right to be free of an unreasonable search and seizure under the Fourth Amendment of the Constitution of the United States and to be free of a deprivation of liberty under the Fourteenth Amendment to the Constitution of the United States.

20. Plaintiff suffered extreme and protracted pain and serious emotional injuries as a result of his incarceration and prosecution.

21. As a result of plaintiff's unlawful search and seizure, amounting to a violation of his civil rights, plaintiff suffered degradation, humiliation, loss of reputation and esteem and various other emotional injuries, as well as economic harm.

## SECOND CAUSE OF ACTION

22. Plaintiff reiterates and realleges the facts stated in paragraphs 1-21 as if stated fully herein.

23. As a result of their actions, Defendants, acting under "Color of law," deprived Plaintiff of his right to freedom from derivation of liberty without due process of law in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. 1983.

24. Defendants subjected Plaintiff to these deprivations of his rights either maliciously or by acting with a reckless disregard for whatever Plaintiff's rights

would be violated by his actions.

25. As a direct and proximate result of the acts of Defendants, plaintiff suffered psychological and economic injuries, endured great pain and mental suffering, was deprived of his physical liberty.

### THIRD CAUSE OF ACTION

26. Plaintiff reiterates and realleges the facts stated in paragraphs 1-25 as if stated fully herein.

27. As a result of their actions, Defendants, acting under "Color of law," deprived Plaintiff of his right to freedom from excessive force without due process of law in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. 1983.

28. Defendants subjected Plaintiff to these deprivations of his rights either maliciously or by acting with a reckless disregard for whatever Plaintiff's rights would be violated by his actions.

29. These Defendants officers either actively participated in the excessive force or were present and improperly failed to intervene to prevent other officers from using excessive force although they were in a position to do so.

30. As a result of the aforesaid occurrence, Plaintiff suffered the damages and injuries aforesaid. All Defendants are liable for said damage and injuries.

### FOURTH CAUSE OF ACTION

#### For Violation of Civil Rights

31. Plaintiff reiterates and realleges the facts stated in paragraphs 1-30 as if stated fully herein.

32.     Defendant, City of New York, and Defendant New York City Police Department, through its police Commissioner, as a municipal policymaker, in the hiring, training and supervision of the Defendants, have pursued a policy and custom of deliberate indifference to the rights of persons in their domain, and Plaintiff, violating Plaintiff's right to freedom from the use of excessive and unreasonable force and freedom from deprivation of liberty without due process of law in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. 1983 and 42 U.S.C. 1985.

33.     As a direct and proximate result of the aforementioned policy and custom of deliberate indifference of Defendants New York City and New York City Police Department, Defendants committed the unlawful acts referred to above and thus, Defendants New York City and New York City Police Department are liable for the Plaintiff's injuries.

## FIFTH CAUSE OF ACTION

### Failure to Intervene

34.     The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 33 with the same force and effect as if more fully set forth at length herein.

35.     Defendants had an affirmative duty to intervene on behalf of plaintiff, whose constitutional rights were being violated in the presence of other officers.

36.     Defendants failed to intervene to prevent the unlawful conduct described herein.

## SIXTH CAUSE OF ACTION

### Negligent Hiring, Retention, Training and Supervision

37. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 36 with the same force and effect as if more fully set forth at length herein.

38. The defendant, City of New York and defendant New York City Police Department and their employees, servants and/or agents acting within the scope of their employment did negligently hire, retain, train and supervise defendants Detective Cordova, Undercover Officer # C0015, Detective Carty and Police Officers John Does #1-10, individuals who were unfit for the performance of police duties on April 23, 2010, at the aforementioned location.

39. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

### JURY DEMAND

40. Plaintiffs hereby demand trial by jury of all issues properly triable thereby.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for relief as follows:

That the jury find and the Court adjudge and decree that plaintiff shall recover compensatory damages in the sum of $2,000,000 against the individual defendants and the defendant, City of New York, and Defendant, New York City Police Department, jointly and severally, together with interest and costs; and punitive damages in the sum of $1,000,000 against the individual defendants, jointly and severally.

    a. That the plaintiff recover the cost of the suit herein, including

reasonable attorneys fees pursuant to 42 U.S.C. § 1988.

      b. That the plaintiff have such other and further relief as the Court shall deem just and proper.

Dated: New York, New York
       February 22, 2013

By: _____
STEVEN SEENER, ESQ.
SEENER & SEENER, ESQS.
*Attorneys for Plaintiff*
11 Park Place - 10th Floor
New York, New York 10007
Telephone No. 212-766-2050

STATE OF NEW YORK  )
COUNTY OF NEW YORK )  ss.:

TIMOTHY JOHNSON, being duly sworn deposes and says:

That he is the plaintiff herein. That he has read the foregoing COMPLAINT and knows the contents thereof to be true. That the same is true to his/her knowledge, except as to the matters herein stated to be alleged upon information and belief, and that as to those matter he believes them to be true.

Sworn to before me
this 22nd day of Feb 2013.

_____
notary public

X_____
TIMOTHY JOHNSON

STEVEN SEENER
Notary Public - State of New York
No. 02SE4769665
Qualified in Suffolk County
Commission Expires 01/31/20__

Index No.                    Year
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
===============================================================================

TIMOTHY JOHNSON,

                               Plaintiff,

    -against-

THE CITY OF NEW YORK, DETECTIVE MANUEL CORDOVA, shield No. 00225, POLICE OFFICER (Undercover Officer) # C0015, DETECTIVE GREGORY CARTY, Shield No. 02497 and POLICE OFFICERS JOHN DOES #1-10 (names and numbers of whom are unknown at present, and others unidentified members of the New York City Police Department),

                               Defendants.
===============================================================================

## SUMMONS & COMPLAINT
===============================================================================

                      BY: STEVEN SEENER, ESQ.
                         SEENER & SEENER
                         *Attorneys for Plaintiff*
                            *Timothy Johnson*
                       11 Park Place - 10th Floor
                        New York, New York 10007
                        Telephone No. (212) 766-2050
                          Fax No. (212) 766-2051

### CERTIFICATION
The foregoing documents and affidavits are hereby certified pursuant to 22 N.Y.C.R.R. 1301.1.

Dated: New York, New York
        February 22, 2013

                                             STEVEN SEENER, ESQ.